IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EDWIN STANCIK,                         )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )     1:09CV488
                                       )
SECRETARY OF HEALTH AND HUMAN          )
SERVICES and ERIC HOLDER, U.S.         )
Attorney General,                      )
                                       )
            Defendants.                )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge on Defendant's Motion for Judgment on the Pleadings (Docket Entry 6). (See Docket Entry dated Nov. 22, 2010; see also Docket Entry dated Jan. 22, 2010 (assigning case to undersigned Magistrate Judge).) For the reasons that follow, Defendant's Motion for Judgment on the Pleadings should be granted.

### I. Background

Plaintiff Edwin Stancik, proceeding pro se, filed the instant action seeking judicial review of a final agency decision denying him Medicare payment. (See Docket Entry 1 at 2-3; see also Docket Entry 7 at 1.) Plaintiff self-administered the prescription antibiotic drug Vancomycin at his home between February 3, 2006, and March 16, 2006. (Docket Entry 7 at 3; Docket Entry 3-2 at 9.) Although Plaintiff admittedly knew his Medicare Plan B coverage did not encompass such home treatment (see Docket Entry 3-3 at 8),

Plaintiff requested payment anyway, citing "Special Circumstances" (id.).[1] When Plaintiff's claim for Medicare payment was denied (see id. at 28-30), he appealed, but received unfavorable decisions at each stage of the administrative process (see Docket Entry 3-2 at 9-10, 15-19; Docket Entry 3-3 at 3-4, 16-17). Plaintiff then commenced the instant action contesting the final agency decision. Defendant Secretary of Health and Human Services ("Secretary") thereafter filed the instant Motion for Judgment on the Pleadings (Docket Entry 6), as to which Plaintiff has responded (Docket Entry 9) and Defendant has replied (Docket Entry 10).[2]

## II. Discussion

As an initial matter, Plaintiff failed to properly serve Defendant Eric Holder. Rule 4 of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the

---

[1] Plaintiff asserts his wife required constant care and, as a result, he could not leave his home for prolonged periods in order to have a doctor administer the drug (Docket Entry 3-3 at 8); nor could he afford to hire a "Home Companion" to care for his wife during any absence (id.). Plaintiff also points out that he saved Medicare money by self-administering the drug. (Id.)

[2] Plaintiff also filed a "Response from Plaintiff to Defendant's reply to Plaintiff's response to Defendant's Motion for Judgment on the Pleadings." (Docket Entry 11.) This filing did not make any substantive arguments concerning the instant Motion, but rather asserted that the Court should hold a hearing on the merits of the case. (Id. at 1.)

2

> plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). On January 25, 2010, the Clerk's Office notified Plaintiff of his failure to make service on Defendant Eric Holder within 120 days of filing the Complaint. (Docket Entry 4 at 1; see also Docket Entry dated Jan. 25, 2010.) The notice further stated that Plaintiff "must comply with [Rule 4's requirement to show good cause for the failure to serve] within 10 days of receipt of th[e] notice. . . . Failure to respond to th[e] notice within the time allotted will result in dismissal of the action without prejudice as to defendant **Eric Holder, U.S. Attorney General**." (Docket Entry 4 at 1 (emphasis in original).) The record bears no indication that Plaintiff complied with the directive to show cause or that he subsequently served Defendant Eric Holder. (See Docket Entries dated Jan. 25, 2010, to present.) Defendant Eric Holder should therefore be dismissed without prejudice as a defendant in this action.

With respect to Plaintiff's claims against the Secretary, the review of a final agency decision concerning Medicare coverage

> is to be based solely on the administrative record, and the Secretary's findings of fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 1395ff(b)(1)(A) (incorporating 42 U.S.C. § 405(g) by reference). Moreover, because the Secretary is charged with administering the Medicare Act, [courts] substantially defer to the Secretary's construction of any ambiguous language in the Act, if the Secretary's construction "is based on a permissible construction of

the statute." *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 [] (1984).

MacKenzie Med. Supply, Inc. v. Leavitt, 506 F.3d 341, 346 (4th Cir. 2007).

Substantial evidence supports the Secretary's conclusion that Plaintiff self-administered a prescription drug at home (see Docket Entry 3-3 at 8) and that he knew at the time that he would not receive coverage under Medicare Part B for the cost of the drug (id.). Furthermore, with very few exceptions (not applicable in this case), "Medicare part B does not pay for . . . any drug or biological that can be self-administered." 42 C.F.R. § 410.29(a). The Secretary's final decision denying coverage is therefore supported by the facts and correct as a matter of law.

Despite Plaintiff's acknowledgement of the limits of his Medicare Part B coverage (Docket Entry 3-3 at 8), he argues that there are "special circumstances" in his case that should warrant coverage of his drug expenses (Docket Entry 9-1 at 1). However, Plaintiff has not pointed to any regulation or section of the Medicare Act that provides for exceptions for "special circumstances." (See id.) In fact, Plaintiff recognizes that "all of the UNFAVORABLE [administrative] decisions were explicitly based on apparently inviolable and unbending Medicare Laws and Regulations." (Id.; see also Docket Entry 11 at 1 (alleging instant Motion and subsequent filings by Defendant "continue to be statements of law which have been the case throughout all the prior

4

four tiers of the Medical Appeals Process without any consideration of my special circumstances.").) Plaintiff appears to seek a judicially-created exception to denial of coverage that has no support in the Act itself. The Court should decline this request because courts must defer to the Secretary's construction of the Act. MacKenzie Med., 506 F.3d at 346. The Secretary has determined that "Medicare does not provide coverage for self-administered drugs under the circumstances presented here" (Docket Entry 3-2 at 10; see also Docket Entry 7 at 5-6) and nothing suggests that conclusion contradicts the plain language of the Act. The Court should therefore grant the Secretary's Motion for Judgment on the Pleadings in favor of Defendant.

### III. Conclusion

Although the undersigned recognizes the difficult situation in which Plaintiff found himself, no basis exists in law to overturn the final decision of the Secretary denying coverage of Plaintiff's drug expenses under Medicare Part B.

**IT IS THEREFORE RECOMMENDED** that, as to Defendant Eric Holder, this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER RECOMMENDED** that Defendant Secretary of Health and Human Services' Motion for Judgment on the Pleadings (Docket Entry 6) be granted and that this action be dismissed.

                                      /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                             **United States Magistrate Judge**

September 24, 2012